UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAVIER RIVES HERNANDEZ,

       Petitioner,

    v.                           Case No.:  2:26-cv-01165-SPC-DNF

U.S. ATTORNEY GENERAL *et al.*,

       Respondents,

                                  /

## **OPINION AND ORDER**

Before the Court are petitioner Javier Rives Hernandez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).  For the below reasons, the Court grants the petition.

Rives Hernandez is a native of Cuba who was paroled into the United States on May 13, 2006.  After he failed to appear in immigration court, an immigration judge ordered him removed on June 28, 2006.  March 11, 2026, local law enforcement arrested Rives Hernandez for petit theft and turned him over to Immigration and Customs Enforcement ("ICE").  ICE unsuccessfully attempted to remove Rives Hernandez to Mexico in March 2026, then returned him to Florida and detained him at Alligator Alcatraz.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).

The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Rives Hernandez has carried his initial burden by showing a good reason to believe there is no

significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove him to Cuba in 2006, a recent attempt to remove him to Mexico was unsuccessful, and there is no indication ICE can remove him to either country soon.

The burden thus shifts to the government. ICE claims Rives Hernandez refused removal to Mexico in March 2026 but does not provide any detail. In any event, the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements. *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture). ICE makes no attempt to show it can lawfully remove Rives Hernandez in the reasonably foreseeable future.

The Court finds no significant likelihood Rives Hernandez will be removed in the reasonably foreseeable future. He is entitled to release from

detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Rives Hernandez to "assur[e] [his] presence at the moment of removal."  *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Javier Rives Hernandez Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Rives Hernandez within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record